44515, 44516. NOBLES v. H. W. DURHAM &
COMPANY, INC. et al. (two cases).

PANNELL, Judge. Mrs. Jewel Nobles instituted two actions claiming damages for the tortious deaths of her son and husband, the former being case No. 44515 in this court and the latter being case No. 44516. Both cases involve common questions. The claims were filed against H. W. Durham & Company, Inc., Arthur Branch and W. H. Branch, the corporate defendant being a resident of Tattnall County and the individual defendants being residents of Toombs and Tattnall Counties, respectively. The action was brought in Long County, where the deaths occurred. The complaints alleged that: "At the time of this collision, the defendant, Arthur Branch, was driving a 1965 Ford tractor and trailer used as a pulpwood carrier. At the time of the collision, the defendants, H. W. Durham & Company, Inc., W. H. Branch, and Arthur Branch were operating, controlling and managing a certain truck, being a motor-propelled vehicle used in the business of transporting property, to wit: pulpwood owned by T. L. Howard, Jr., over the public highways of this State,

for hire and not operating exclusively within the corporate limits of any city or town, and the weight of said load exceeded 18,850 pounds. At the time of this collision, defendant, H. W. Durham & Company, Inc., was either a motor common carrier as defined in Georgia Code Annotated § 68-601 or a motor carrier operating under the provisions of the Motor Contract Carrier Act as defined in Georgia Code Annotated § 68-501. Because of the circumstances of its operation, plaintiff is unable to definitely state which classification defendant, Durham, would be in but under either classification, it would be subject to the jurisdiction of the Superior Court of Long County, Georgia, by virtue of the collision alleged in said complaint." The defendants filed a motion for a summary judgment generally and as to venue. The trial judge sustained the motions and plaintiff appealed. *Held:*

The Act which controls this case defines a motor carrier as "every person, except common carriers, owning, controlling, operating, or managing any motor-propelled vehicle (and the lessees, or trustees thereof, or receivers, appointed by any court whatsoever) used in the business of transporting persons or property for hire over any public highway in this State and not operated exclusively within the corporate limits of any city or town. . ." Ga. L. 1931, Ex. Sess., pp. 99, 101 (*Code Ann.* § 68-502 (c)). The evidence shows that H. W. Durham & Company, Inc., did not own, control, operate, or manage the vehicle involved in the accident in this case. The evidence does show that this company acted as a broker or dealer for Rayonier, Inc., and agreed to deliver pulpwood to Rayonier, Inc., at its mill at certain prices. H. W. Durham & Company, Inc., contracted with one of the other defendants to cut and haul to Rayonier, Inc.'s mill some pulpwood timber belonging to a third party for which the hauling party had contracted. This no more made H. W. Durham & Company, Inc., a contract carrier for hire than it did Rayonier, Inc. H. W. Durham & Company, Inc., of course, paid for the transportation and so did Rayonier, Inc. The evidence demanded a finding to this effect and the trial court was correct in so holding.

The trial judge did not err in rendering summary judgment in favor of all the defendants on their motions for summary judgment on the question of venue, the venue in plaintiff's

petition having been predicated solely upon the fact that H. W. Durham & Company, Inc., was a motor carrier for hire.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Eberhardt, Deen, and Whitman, JJ., concur. Hall, P. J., and Quillian, J., dissent. Evans, J., not participating.*

ARGUED JUNE 2, 1969—DECIDED SEPTEMBER 12, 1969— REHEARING DENIED OCTOBER 1, 1969—

*Richard D. Phillips,* for appellant.

*Pierce, Ranitz, Lee, Berry & Mahoney, John F. M. Ranitz, Jr., Howard A. McGlasson, Jr.,* for appellees.